The People of the State of New York, Respondent,
against
William A. (Anonymous), Appellant.



Appeal by defendant, as limited by his brief, from a youthful offender sentence of the Criminal Court of the City of New York, Queens County (Dorothy Chin Brandt, J.), imposed November 26, 2013, upon a youthful offender finding, upon defendant's plea of guilty to criminal possession of a forged instrument in the third degree.




ORDERED that the youthful offender sentence is affirmed.
On August 8, 2013, the People charged defendant, in a felony complaint, with six counts of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and 81 counts of criminal possession of forgery devices (Penal Law § 170.40 [2]), in that, on May 17, 2013, defendant was encountered seated in the front passenger seat of an automobile wherein 86 forged credit cards and other documents were discovered from the glove compartment, and an additional forged credit card was recovered from defendant's wallet. 
On October 10, 2013, defendant appeared before the Criminal Court (Dorothy Chin-Brandt, J.), whereupon the defense accepted the prosecutor's plea and sentencing offer of a plea to one count of criminal possession of a forged instrument in the third degree (Penal Law § 170.20) as reduced from criminal possession of a forged instrument in the second degree, the dismissal of the remaining charges, and a sentence of three years' probation, noting that defendant was eligible for youthful offender adjudication. During the plea colloquy, defendant admitted his guilt of the offense, as reduced, and, on November 26, 2013, defendant was found to be a youthful offender (see CPL 720.10 [4]) and sentenced according to the terms of the plea and sentencing agreement. 
Defendant appeals, as limited by his brief, from the youthful offender sentence (see CPL 720.10 [5]) of probation, asking that the sentence of probation be modified, as a matter of discretion in the interest of justice, to a sentence of a day's incarceration or to an unconditional discharge. 
"As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive" (People v Rosario, 47 Misc 3d 141[A], 2015 NY Slip Op 50622[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015], and cases cited therein). Where, as here, a defendant's appeal is directed to an appellate court's "broad, plenary power" to modify sentences (People v Delgado, 80 NY2d 780, 783 [1992]; e.g. People v Zhu, 47 Misc 3d 133[A], [*2]2015 NY Slip Op 50465[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]), the defendant must establish "mitigating or extraordinary circumstances" meriting the relief (People v Vega, 73 AD3d 1218, 1219 [2010]; People v McClure, 50 Misc 3d 131[A], 2015 NY Slip Op 51936[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Hudson, 44 Misc 3d 134[A], 2014 NY Slip Op 51159[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Given defendant's undisputed culpability and the leniency of the plea agreement relative to the number and nature of the offenses charged, the disposition appears eminently fair and reasonable, and no modification is warranted. It is noted that defendant never moved to vacate the plea (see People v Williams, NY3d , 2016 NY Slip Op 02551, *6 [2016]; People v Sanchez, 42 Misc 3d 149[A], 2014 NY Slip Op 50402[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]) or to modify the terms of his probation (see CPL 410.20 [1]; People v Fils-Aime, 43 Misc 3d 128[A], 2014 NY Slip Op 50526[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; People v Barnes, 32 Misc 3d 134[A], 2011 NY Slip Op 51454[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). In any event, given the circumstances presented, we do not find that the sentence imposed was either harsh or excessive (see People v Suitte, 90 AD2d 80 [1982]).
Accordingly, the youthful offender sentence is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 23, 2016